BILLY W. PEBLEY, Respondent v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pebley v. Commissioner
Docket No. 5163-83.
United States Tax Court
T.C. Memo 1985-130; 1985 Tax Ct. Memo LEXIS 497; 49 T.C.M. (CCH) 1008; T.C.M. (RIA) 85130; March 25, 1985. Ronald Rosen and Dennis Perez, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 and Rules 180 and 181. [1] This case is before us on respondent's oral motion to dismiss and to award damages. The motion is granted. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
1978
$7,061.20
$1,765.30
$353.06
$225.95
1979
3,288.00
343.50
164.40
37.61
*498 The determination was based upon a failure to file tax returns and unreported income for 1978 and 1979 in the amounts of $28,078 and $18,299, respectively. Petitioner timely filed a petition with this Court in which he alleged that he was a resident of Anaheim, California. His petition is identical in nature with several hundred other tax-protester petitions filed in the southern California area. [2] In it he alleged that respondent bore the burden of proving the allegations in the deficiency notice; that petitioner was not required to file a return or pay a tax under the Internal Revenue Code; that petitioner received nothing of tangible value that qualified as income and he enjoys no grant of privilege or franchise; that petitioner was not in receipt of either gain or profit; that petitioner did not volunteer to self-assess himself; and that the income tax system is based on voluntary compliance and petitioner did not volunteer. Petitioner also filed a request for a jury trial which was denied.
*499 Petitioner failed to appear at the call of the calendar, or at the recall. By his failure to appear, he has refused to prosecute him case or to offer evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. The allegations of petitioner in his petition are so frivolous and groundless as not to warrant any extended discussion. *500 See ; , affd. . Indeed, petitioner has known for some years that his position is meritless for he is no stranger to this Court. Thus, in , where the same petitioner came to us in regard to his 1977 tax year, we granted respondent's motion for summary judgment, stating as follows: The remainder of the amended petition consists of a harangue against respondent and this Court raising the usual plethora of frivolous legal and constitutional arguments typical of tax protesters and citing as authority irrelevant historical documents, inter alia, the Mayflower compact and the Federalist Papers. Mr. Pebley admitted at the hearing on this motion that the amended petition is a form petition obtained from "Your Heritage Protection Association," an organization apparently dedicated to disrupting legitimate tax litigation by clogging the dockets of this Court. Similar form petitions have been painstakingly analyzed by this Court on numerous occasions and the dubious authorities *501 they raised consistently refuted. We see no reason to repeat that time-consuming procedure here. [Fn. ref. omitted.] We turn now to the matter of the motion for damages. The petition filed herein is legally frivolous and groundless.Petitioner knew that to be the case, yet he nmevertheless filed it. We can only conclude that his purpose in filing a petition with this Court was primarily for purposes of delay. Pursuant to section 6673 we award damages to the United States in the amount of $5,000. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., ; ; ; ; ; ; .↩